IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMIE PRINCIPLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 01 C 7716 |
| | ) | Judge Leinenweber |
| LARRY SHERMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR COSTS TO BE ADDED TO DISMISSAL WITH PREJUDICE &/OR FEDERAL RULE 11(C) SANCTIONS

Now Comes the Plaintiff, Jamie Principle, by his attorney, TIMOTHY P. DONOHUE. and as and for his Response to Defendant's Motion for Costs to be added to Dismissal With Prejudice &/Or Federal Rule 11(c) Sanctions states as follows:

### Defendant Larry Sherman is Not Entitled to Rule 11 (c)(1)(A) Sanctions on the Grounds that Defendant did not comply with the Notice Requirements set forth in Rule 11.

Defendant is not entitled to Rule 11 Sanctions in this action. Prior to filing this motion on February 20, 2003, Defendant did not serve Plaintiff with a copy of this Motion as required by Rule 11. (the "February 20, 2003 Motion"). A party may not file a motion for sanctions with the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. Aerotech, Inc. v. Estes, 110 F.3rd 1523,1528 (10th Circuit 1997). At no time prior to filing his motion with the court did Defendant serve Plaintiff with the February 20, 2003 motion.

It is mandatory that party seeking sanctions first serve the motion on the opposing party prior to filing the motion with the court. Defendant's failure to serve Plaintiff prior to filing his motion is grounds for denying his motion for sanctions. The "safe harbor" provision added to Rule 11 contemplates such service to give the parties at whom the motion is directed an opportunity to withdraw or correct the offending contention. The plain language of the rule indicates that this notice and opportunity prior to filing is mandatory. <u>Aerotech, Inc. v. Estes</u>, 110 F.3rd 1528 (10th Circuit 1997).

On January 13, 2003, Defendant served Plaintiff with a previous Rule 11 Motion on January 13, 2003. (the "January 13, 2003 Motion") According to Rule 11, Plaintiff had 21 days to withdraw or appropriately correct his pleading. Defendant could not file this January 13, 2003 motion, if at all, until February 3, 2003, and then only if Plaintiff had failed to either withdraw or correct the document challenged by the sanctions motion.

On January 21, 2003, Plaintiff filed his Motion to Voluntarily Dismiss the case. (a true and correct copy of Plaintiff's motion is attached hereto and incorporated by reference herein as Exhibit A).

On January 28, 2003 this Court heard Plaintiff's motion and granted Plaintiff's motion to voluntarily dismiss the case. The Court dismissed the case with prejudice. Plaintiff's motion for voluntary dismissal effectively "withdrew or appropriately corrected the challenged document under Rule 11. Therefore, Defendant, under Rule 11, could not file his motion for sanctions and Defendant is not entitled to sanctions against Plaintiff. (a true and correct copy of the Court's January 28, 2003 Minute Order is attached hereto and incorporated by reference herein as Exhibit B).

On January 28, 2003, Plaintiff's counsel received a facsimile of a letter from Defendant's counsel. This letter indicated that Defendant intended to file a Motion for Sanctions against the Plaintiff. The facsimile header indicates that the letter came from (312) 822-0943 at 1:15 PM on January 28, 2003. This is approximately three hours and forty-five minutes after both counsel appeared before this court on Plaintiff's motion to voluntarily dismiss the case. (a true and correct copy of Defense counsel's January 28, 2003 letter is attached hereto and incorporated by reference herein as Exhibit C). At the time Defendant's counsel sent this letter, he was aware that the case had been dismissed with prejudice earlier that morning.

Defendant is barred from seeking sanctions in this case because he filed his motion after the Plaintiff filed his motion to voluntarily dismiss the case and after the court granted Plaintiff's motion. In AeroTech, The Court held that AeroTech was prevented from seeking sanctions against the opposing party Vernon Estes because AeroTech moved for sanctions after Estes moved to dismiss his claims. "Because Vernon Estes did not move for Rule 11 sanctions until after AeroTech had moved to dismiss its claims against him, we agree with the magistrate's conclusion that Rule 11's cure provision prevents Vernon Estes from seeking sanctions." Aerotech, Inc. v. Estes, 110 F.3rd 1528 (10th Circuit 1997). In this case, Defendant served Plaintiff with the January 13, 2003 motion. Plaintiff timely filed his Motion for Voluntary Dismissal on January 21, 2003. The court granted Plaintiff's motion on January 28, 2003. Applying the ruling in AeroTech to the facts of this case, it follows that since Defendant did not move for sanctions until after Plaintiff moved to dismiss his claims against Defendant, Rule 11's cure provision prevents Larry Sherman from seeking sanctions.

Notwithstanding the January 28, 2003 dismissal with prejudice, the Defendant filed this motion on February 20, 2003 without first serving it on Plaintiff and granting Plaintiff the

3

mandatory 21-day safe harbor provision. The February 20, 2003 motion is a new and separate motion from the January 13, 2003 motion served on Plaintiff. Defendant was required to follow the mandatory notice requirements. He did not. Excluding this Response to Defendant's Motion, there is no Plaintiff's pleading or document pending before the court. There is nothing that Plaintiff can withdraw or appropriately correct. It is impossible for Plaintiff to avail himself of the mandatory safe harbor provision of Rule 11.

Defendant's motion for sanctions should be denied because defendant did not present his motion for sanctions in a separate motion as required by Rule 11. Defendant included his motion for sanctions within his motion to add costs to the court's dismissal with prejudice order. Among other things the amended rule now mandates that a motion for sanctions under Rule 11 shall be made separately from other motions. Fed. R. Civ. P. 11(c)(1)(A). Wayne Johnson v. Waddell & Reed, Inc., 74 F.3d 147, 151 (7th Cir. 1996). Defendant's motion requests that costs be added to the Dismissal with Prejudice order. Defendant titled his motion "Motion for Costs to Be Added to Dismissal with Prejudice &/or Federal Rule 11(C) Sanctions". By his own motion, Defendant demonstrates that his motion for sanctions has not been filed separately as required. The inclusion of a request for sanctions as part of Waddell & Reed's memorandum in support of its motion to dismiss obviously does not meet the notice requirement imposed by Rule 11(c)(1)(A). Johnson v. Waddell & Reed, Inc., 74 F.3d at 151. Similarly, in this case, the inclusion of a request for sanctions as part of Larry Sherman's Motion for Costs to be Added to Dismissal With Prejudice &/Or Federal Sanctions does not meet the notice requirement imposed by Rule 11(c)(1)(A) and Defendant's motion should be denied.

For the reasons stated above, Defendant's motion is not properly before this court and should be denied.

4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMIE PRINCIPLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) No. 01 C 7716 | |
| | ) Judge Leinenweber | |
| LARRY SHERMAN, | ) | |
| | ) | |
| Defendant. | ) | |

TO: Patrick D. Lamb
Goldstein & Lamb
162 West Hubbard
Chicago, IL 60610

### NOTICE OF MOTION

On January 28, 2003, at 9:30 A.M., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Leinenweber in Room 1941 at the courthouse located at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois and present the attached Motion for Voluntary Dismissal Pursuant to Federal Rule of Civil Procedure 41.

_____
Attorney for Plaintiff
Timothy P. Donohue – 30706
29 South La Salle Street
Suite 828
Chicago, IL 60603
(312) 332-3116

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Notice and the attached Motion was [X] mailed [X] faxed [ ] delivered to the above named parties at the above described addresses on _____, 2003

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMIE PRINCIPLE, )
)
Plaintiff, )
)
v. ) No. 01 C 7716
) Judge Leinenweber
LARRY SHERMAN, )
)
Defendant. )

## PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)

Now Comes the Plaintiff, Jamie Principle, by his attorney, TIMOTHY P. DONOHUE. and as and for his Motion for Voluntary Dismissal Pursuant to Federal Rule of Civil Procedure 41(a) states as follows:

1. Plaintiff filed the Complaint in this matter on or about October 5, 2001 alleging a copyright infringement by the Defendant, Larry Sherman.

2. That subsequent to the filing of this action Plaintiff's counsel has received documentation from Defendant, namely a certified copy of a Judgment entered in the English Courts, that refutes Plaintiff's claims for infringement.

3. That in light of this document Plaintiff cannot continue its prosecution of this cause.

4. Therefore, pursuant to Federal Rule of Civil Procedure 41(a) Plaintiff hereby moves to voluntarily dismiss all claims against the Defendant hereunder.

RECEIVED JAN 2 1 2003 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

A

Wherefore, Plaintiff prays this Honorable Court enter an order granting Plaintiff's motion for Voluntary Dismissal under Federal Rule of Civil Procedure 41(a).

                                        Jamie Principle

                                        By: _____

                                              One of His Attorneys

Timothy P. Donohue – 30706
29 South La Salle Street
Suite 828
Chicago, IL 60603
(312) 332-3116

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

chael W. Dobbins                                          Office of the Clerk
   CLERK

    Timothy Patrick Donohue
    Law Offices of Timothy P. Donohue
    29 South LaSalle Street
    828
    Chicago, IL   60603

-------------------------------------------------------------------------------

    Case Number:   1:01-cv-07716

    Title:   Principle v. Sherman

;signed Judge: Honorable Harry D. Leinenweber

:NUTE ORDER of 1/28/03 by Hon. Harry D. Leinenweber :
.aintiff's motion for voluntary dismissal pursuant to
?deral Rule of Civil Procedure 41(a) is granted [14-1]
?ttlement conference is stricken. terminating case
\iled notice

\is docket entry was made by the Clerk on January 29, 2003

[TENTION:  This notice is being sent pursuant to Rule 77(d) of the
           Federal Rules of Civil Procedure or Rule 49(c) of the Federal
           Rules of Criminal Procedure.  It was generated by ICMS,
           the automated docketing system used to maintain the civil and
           criminal dockets of this District.  If a minute order or
           other document is enclosed, please refer to it for
           additional information.

>r scheduled events, motion practices, recent opinions and other information,
isit our web site at www.ilnd.uscourts.gov

neck our web site for CourtWeb--a concise listing of rulings by judges.
heck for rulings on noticed motions.  Also, subscribe to CourtWatch--a free
?rvice--to receive e-mail notification of CourtWeb postings.

ɔ apply for a PACER account, call 1.800.676.6856



# GOLDSTEIN & LAMB, P.C.
## ATTORNEYS AT LAW

Arnold D. Goldstein
Patrick D. Lamb
Nicole L. Centracchio
Samantha H. Scriner
*************

Susan L. Goldstein
Sofia Hernardo
Jennifer Smith
Kate Stouffer
Paralegals

162 W. Hubbard
Chicago, IL 60610
Tel: (312) 822-1000
Fax: (312) 822-1055

E-MAIL: ADGLDSTN@AOL.COM

January 28, 2002

Mr. Timothy P. Donohue
29 S. LaSalle Street - Suite 829
Chicago, Illinois 60603
*Via Facsimile 312-332-7092*
*& U.S. Mail*

RE: PRINCIPLE V. SHERMAN
    01 C 7716

Dear Tim:

I discussed with Larry Sherman the judge's ruling and comments. Because of all the prior dealings with Jamie Principle, his successors and assigns, and Mr. Sherman's conversation with you when this lawsuit began, he would like us to file a Motion for Sanctions. He believes your conduct was not made in good faith.

We would propose, however, to avoid that issue and offer, in part, what Larry Sherman always offered. By agreement, we will put Jamie Principle on all labels related to the song, which places him in his proper place in history as it relates to "Your Love". We will also provide you with whatever documentation we have or direct you to other sources relating to Frank Knuckles if you choose to sue him.

In consideration for this, we would expect that of the $12,500.00 in fees incurred, your client will pay $7,500.00 to partially defray some of his costs. Mr. Sherman wishes to do what is right, but in exchange feels that Mr. Principle must do so also.

Thank you in advance for your earliest response.

Yours very truly,

GOLDSTEIN & LAMB, P.C.

BY _____
PATRICK D. LAMB

Enclosures
cc: Larry Sherman
F:\WPL\LITGATE\SHERMAN\PRINCIPLE, JAMIE\LTRDONOHUES.doc

# GOLDSTEIN & LAMB, P.C.
## 162 W. HUBBARD ST.
## CHICAGO, IL 60610
## 312-822-1000
## FAX: 312-822-1055

### FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| **TO:** Timothy P. Donohue | **FROM:** Patrick D. Lamb |
| **COMPANY:** | **DATE:** 1-28-03 |
| **FAX NUMBER:** 312-332-3116 | **TOTAL NO. OF PAGES INCLUDING COVER:** 2 |
| **PHONE NUMBER:** 312-332-7092 | **SENDER'S REFERENCE NUMBER:** |
| **RE:** Principle v. Sherman | **YOUR REFERENCE NUMBER:** |

☐ URGENT   ☒ FOR REVIEW   ☐ PLEASE COMMENT   ☒ PLEASE REPLY   ☐ PLEASE RECYCLE

**NOTES/COMMENTS:**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMIE PRINCIPLE,            )
                            )
        Plaintiff,           )
                            )
v.                          ) No. 01 C 7716
                            ) Judge Leinenweber
LARRY SHERMAN,              )
                            )
        Defendant.           )

## NOTICE OF FILING

To:   Patrick D. Lamb, Esq.
      Goldstein & Lamb, P.C.
      162 W. Hubbard Street
      Chicago, IL 60610

Please take notice that on March 3, 2003, I caused to be filed with the United States District Court for The Northern District of Illinois, Eastern Division, the attached Plaintiff's Response to Defendant's Motion for Costs to Be Added to Dismissal With Prejudice &/Or Federal Rule 11(c) Sanctions.

_____
Timothy P. Donohue

## PROOF OF SERVICE BY MAIL

I, TIMOTHY P. DONOHUE, the attorney certify that I served this notice by mailing a copy to the above named attorney at the address specified above and deposited the same in the U.S. Mail at 29 South La Salle Street, Chicago, Illinois, at 5:00 p.m. on __March 3, 2003__, with proper postage prepaid.

_____

Timothy P. Donohue
29 South La Salle Street, Suite 828
Chicago, IL 60603
(312) 332-3116
ARDC # 6211693