## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN ILLINOIS DISTRICT OF ILLINOIS
### EASTERN DIVISION

JAMIE PRINCIPLE,

      **Plaintiff**

vs.                                   **CASE NO.  01 C 7716**

                                           **JUDGE LEINWEBER**

LARRY SHERMAN,

      **Defendant.**

## REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR
### COSTS AND/OR FEDERAL
### RULE 11(C) SANCTIONS

Now Comes the DEFENDANT, LARRY SHERMAN, by his attorneys GOLDSTEIN AND LAMB, P.C., and IN REPLY TO PLAINTIFF'S RESPONSE states as follows:

1.     Defendant concedes that although its Motion for Attorneys fees is in the correct church, we started in the wrong pew. A 2nd Motion for Attorneys fees has been filed simultaneously with this Reply, but in substance seeks the same result.

2.     Federal Rule of Civil Procedure 41 states "(a)(2)…an action shall not be dismissed at the Plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."

1

2.  The conditions may include costs Chavez v. Illinois State Police, 251 F. 3d 612 (7th cir. 2001) and or Attorneys fees. Brown v. Local 58, Int'l Bhd of Elec. Workers 76 Fed 3$^{d}$ 762, 776-67 (6th Cir.1996) (Attorney's fees awarded where the conduct of plaintiff was in bad faith or vexatious.)

3.  Defendant does not concede that that the February 20, 2003 motion was substantively different than the Motion served upon the Plaintiff on January 13, 2003. But for the Affidavit of Mr. Sherman and a more accurate accounting of Attorneys fees incurred, the motions were identical. However, Plaintiff's counsel did comply with the safe harbor provision within 21 days.

4.  This by itself however does not prevent the court from assessing costs or Attorneys fees for the conduct of Plaintiffs.

5.  Title 28, Section 1927 states: "any attorney or other person admitted to conduct cases in any court of the United States...who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorney's fees reasonably incurred because of such conduct.

6.  Further, *16 USC Section 505* states as follows: "in any civil action under this title, [Copyright] the court in its discretion may allow the recovery of full costs by or against any party ...the court may also award a reasonable attorney's fee to the prevailing party

as part of the cost. A Motion has been filed simultaneously with a 2nd Motion for Costs and Attorneys fees with a Rule 6 Motion to enlarge the time in Order to convert

7.   The courts have held that the prevailing plaintiff and prevailing defendants must be treated alike under Section 505 and that attorney's fees be awarded to the prevailing party as a matter of the court's discretion." *Fogerty v Fantasy, Inc. 510 US 517; 114 S.CT.1023; 127l.ed.2d.455*

8.   Defendants Motion for Attorneys fees should have been filed pursuant to one of the aforesaid more appropriate section of the Federal statutes.

9.   Attorneys for Defendants in good faith did not file this motion within 14 days as required by Rule 54(d)2, for the following reasons:

   a.   As evidenced by Attorney Patrick Lamb's letter to Mr. Timothy Donohue, the Defendants wished to resolve the matter of fees on a basis and in good faith communicated to the Plaintiff such an offer.

   b.   Because of past open communications with Plaintiff's counsel, Defendant was awaiting a response prior to filing its motion for fees.

   c.   Pursuant to Rule 6(b)2, "Mere inadvertence, without more, can in some circumstances be enough to constitute excusable neglect justifying relief" under *FRCP 6(b)(2) Raymond v. VIBM 148 Fed 3d. 63, 136 CCH LC P 58485, 40 FR*

*Serv 3d. 1177.* This court may in its discretion consider tardy motions pursuant to FRCP 6 *BreitenBach v. Neiman Marcus Group* (1998), NDCA Northern District.

## COSTS

10.     In response to Plaintiff argument with respect to not being able to determine cost related to this matter, Mr. Sherman personally filed an Appearance with the court and said cost is of record with the court. Upon a review of the costs, counsel is correct with respect to the cost of $105.00 not being related to this matter. However, attached is a more recent invoice for costs incurred by the English solicitors at our request. The Affidavit and billing attached speak for themselves.

RESPECTFULLY SUBMITTED,

GOLDSTEIN & LAMB, P.C.

One of DEFENDANT'S Attorneys

GOLDSTEIN AND LAMB, P.C.
162 W. HUBBARD
CHICAGO, IL 60610
Tel.:    312-822-1000
Fax:    312-822-1055

4

# Solicitors

## 4 Old Park Lane, London W1K 1QW

**Partners**

Simon G.Poland Bowen          Richard I.S.Cruickshank          Telephone: 020-7629 8000
                                                               Fax:        020-7221 9334

**Consultants**

Izabela Stankowski            Steven A. Fisher                 DX:        37217 Piccadilly 1
Peter J.S.Sturgess            Nicholas J. Pedgrift             E Mail:steven.fisher@edmondsbowen.co.uk
David Duke-Cohan              Patrick J.W.Rackow
Roger S. Drage

---

Mr Larry Sherman                         Our Ref:        SF/dt/S1066/001
c/o Mr Patrick D. Lamb                   Your Ref:
Goldstein & Lamb, P.C.                   Date/Tax Point:  31-12-02
162 W. Hubbard                           Invoice No:      135567
Chicago                                  VAT REG No. 241 8559 51
IL 60610, USA

| RE: Echo Music | COSTS | DISBURSEMENTS | VAT RATE | VAT AMOUNT |
|---|---|---|---|---|
| **TO OUR PROFESSIONAL CHARGES** for acting on your behalf in respect of the above from 02 December 2002 to 31 December 2002 to include all attendances, correspondence, telephone calls and care and attention throughout. | 260.00 | | 17.5% | Zero-rated |
| Disbursements: | | | | |
| DHL Courier charges | | 36.72 | | Zero |
| | 260.00 | 36.72 | 17.5% | Zero-rated |
| TOTAL | 296.72 | | | |
| Less Received $152 | 90.68 | | | |
| **TOTAL DUE**     £ | 206.04 | | | |

REMINDER COPY

*muneration certificates*

If you are not satisfied with the amount of our fee you have the right to ask us to obtain a remuneration certificate from the Law Society.
The certificate will either say that our fee is fair and reasonable, or it will substitute a lower fee.
If you wish us to obtain a certificate you must ask us to do so within a month of receiving this notice.
We may charge interest on unpaid bills and we will do so at the rate payable on judgment debts, from one month after delivery of our bill.
(i) If you ask us to obtain a remuneration certificate, then unless we already hold the money to cover these, you must first pay (a) half our fee shown in the bill; (b) all the VAT
wn in the bill; (c) all the expenses we have incurred shown in the bill - sometimes called 'paid disbursements'. (ii) However, you may ask the Law Society (at 8 Dormer Place,
yal Leamington Spa, Warwickshire CV32 5AE) to waive this requirement so that you do not have to pay anything for the time being. You would have to show that exceptional
*cation*
*umstances apply in your case.*
Your rights are set out more fully in the Solicitors (Non-Contentious Business) Remuneration Order 1994.
*ase Note:* Application for a Remuneration Certificate can only be made for charges in respect of non-contentious work i.e. where no Court proceedings have been commenced.
u may be entitled to have our charges reviewed by the court. (This is called 'taxation'). The procedure is different from the remuneration certificate procedure and it is set out in
:tions 70, 71 and 72 of the Solicitors Act 1974.

Edmonds Bowen is regulated by The Law Society