# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN ILLINOIS DISTRICT OF ILLINOIS
### EASTERN DIVISION

**JAMIE PRINCIPLE,**
        **Plaintiff**

**vs.**

**LARRY SHERMAN,**
        **Defendant.**

**CASE NO. 01 C 7716**
**JUDGE LEINWEBER**

DOCKETED
MAR 1 7 2003

FILED
MAR 0 7 2003 `WI`
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### 2ND MOTION FOR COSTS TO BE ADDED TO DISMISSAL WITH PREJUDICE & /OR ATTORNEYS FEES

Now Comes the DEFENDANT, LARRY SHERMAN, by his attorneys GOLDSTEIN AND LAMB, P.C., and moves this Court to add costs and Attorneys fees to the Order dismissing this matter with prejudice and/or as the Court deems appropriate and further states as follows:

1. This Court dismissed PLAINTIFF'S Complaint on PLAINTIFF'S Motion with prejudice after argument of both counsel on January 28, 2003.

2. That this Court did not address the issue of costs or sanctions as tangentially discussed in Court, however, the Court indicated the Court would consider such action upon Motion.

3. That a Motion was filed on January 20, 2003 after a letter was sent to opposing counsel seeking a resolution of Attorneys fees in this matter. A copy of said letter is attached hereto as **EXHIBIT 4.**

4. That the basis for failing to file this Motion within 14 days as prescribed by the Rules is set forth in DEFENDANTS REPLY TO PLAINTIFF'S RESPONSE TO MOTION as Defendant was in good faith attempting to resolve this issue without further court time and expense.

5. That *16 USC Section 505* states as follows: "in any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party …the court may also award a reasonable attorney's fee to the prevailing party as part of the cost.

6. The courts have held that the prevailing plaintiff and prevailing defendants must be treated alike under Section 505 and that attorney's fees be awarded to the prevailing party as a matter of the court's discretion." *Fogerty v Fantasy, Inc. 510 US 517; 114 S.CT.1023; 127l.ed.2d.455.*

7. That on or about October 5, 2001, Jamie Principle sued Larry Sherman for copyright infringement relating to a song "Your Love". The alleged infringement began on or about January 1, 1987, according to the PLAINTIFF'S Complaint and claimed continuing damages from that date to the present, seeking the following relief from this court:

1

    A. Permanently enjoin DEFENDANT;

    B. Requiring DEFENDANT to destroy all illegally copied versions of the song;

    C. Awarding PLAINTIFF actual or statutory damages;

    D. Awarding PLAINTIFF attorneys' fees, costs, and such other relief as the Court deems proper.

8. That attached hereto and incorporated as if fully typed herein is DEFENDANT'S Motion to Dismiss Pursuant to the Statute of Limitations as **EXHIBIT #1**.

9. That although DEFENDANT'S attorneys do not represent themselves to be experts in entertainment or copyright law, it is apparent after reasonable inquiry that PLAINTIFF'S claims were not warranted by existing law. They were nothing short of frivolous and harassing. The letters attached to DEFENDANT'S Motion to Dismiss show that the PLAINTIFF was represented by competent experienced entertainment lawyers as far back in 1987. He is copied on letters from his attorney, Mr. Gonzalez, to Mr. Sherman's attorney in 1987.

10. They chose to sue Mr. Sherman in England way back when because that is where the money apparently was being made. It is also the only place they were not already barred by the 3-year Statute of Limitations.

11. Jamie Principle had been involved in a prior lawsuit with Mr. Sherman as it related to Frankie Knuckles and other songs that Frankie Knuckles claimed to have co-wrote back in 1986/87 in the Circuit Court of Cook County. This was over fourteen years ago.

12. Jamie Principle, on the face of his pleadings, did not contend that he is suing on behalf of EchoTron Music Inc., Third Coast Music, Inc., or the Estate of Frank Rodrigo or any other hidden interest. He claims these are his rights when in fact he assigned all of his rights to Frank Rodrigo and Green Street Music (and ultimately Echo Music Group, Inc., not EchoTron Music Group, Inc.) as evidenced by the alleged Right to Sue Agreement between Jamie Principle and the Estate of Frank Rodrigo. (This document was attached as an Exhibit in DEFENDANT'S Supplement to its Motion to Vacate the Default Judgement and is attached hereto as **EXHIBIT #2.**) The entire Complaint, from the Plaintiff right to sue to the legal theories as framed, were nothing less than a fraud upon the Court and the DEFENDANT.

13. That Jamie Principle and/or his assignees were aware of the court judgment in England and settlement agreement or should have been. Further, the corporations set forth in the alleged Right to Sue Agreement between Jamie Principle and the Estate of Frank Rodrigo do not apparently exist or are not currently corporations in good standing in any state that we could determine.

14. Despite an early November meeting between Larry Sherman and PLAINTIFF'S counsel at the beginning of this lawsuit, no further investigation was taken by PLAINTIFF despite the fact that Larry Sherman provided some documentation and the names of the attorneys in

England. His personal communication according to his Affidavit were rebuffed as insufficient.

15. That DEFENDANT has been required to expend approximately $15,000.00 in legal fees and expenses responding to this suit and the gathering of evidence from England and elsewhere, where with reasonable inquiry, PLAINTIFF would also have been aware of these facts. Attached as **EXHIBIT 3** is the Affidavit of this Attorney and a copy of Goldstein & Lamb P.C. billing statement for services rendered.

16. At the least, PLAINTIFF should be assessed costs and such other relief, as this Court deems just and equitable.

RESPECTFULLY SUBMITTED,

GOLDSTEIN & LAMB, P.C.

One of DEFENDANT'S Attorneys

GOLDSTEIN AND LAMB, P.C.
162 W. HUBBARD
CHICAGO, IL 60610
Tel.:    312-822-1000
Fax:    312-822-1055

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN ILLINOIS DISTRICT OF ILLINOIS
## EASTERN DIVISION

JAMES PRINCIPLE
        **Plaintiff,**

VS.

                                  **CASE NO.   01 C 7716**
                                  **JUDGE LEINWEBER**

LARRY SHERMAN
        **Defendant.**

### MOTION TO DISMISS PURSUANT TO RULE 56

Now Comes the DEFENDANT, LARRY SHERMAN, by his attorneys GOLDSTEIN AND LAMB, P.C., and moves this court pursuant to Rule 56 of the Federal Rules of Civil Procedure to enter judgment in his favor and further states as follows:

### PLAINTIFF'S CLAIM BARRED BY THE STATUTE OF LIMITATIONS

1. The Copyright Act 17 USC Section 507b provides that "no civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued."

2. Although many cases state that mere ignorance of a cause of action does not toll the Statute of Limitations, in context these statements invariably mean only that the Plaintiff has a duty of diligence: "it is not enough that he did not discover he had a cause of action if a reasonable man in his shoes would have." *Taylor v. Meirick 712 Federal 2nd 1112, 1118.*

3. Plaintiff's Complaint in Paragraph 10 states as follows: "Upon information and belief, Defendant commercially released a copy of the song 'Your Love' as a single on Defendant's record label 'Trax Records' on or about January 1, 1987 and continues to make the song commercially available to date. Although Plaintiff both wrote and performed as the recording artist on the record, Defendant credited 'Frankie Knuckles' as the writer and artist."

4. Attached hereto as Exhibit #1 is a letter dated November 24, 1987 from Attorney Mario F. Gonzalez Esq., Attorney for Jamie Principle, to Attorney Linda A. Mensch, Attorney for Larry Sherman. In said letter, Attorney Gonzalez is addressing the same and identical issues presented before this court by this lawsuit relating to the song "Your Love". A copy of this letter is cc: Jamie Principle (w/ encl.).

5. Attached hereto as Exhibit #2 is a letter dated November 30, 1987 from Attorney Linda A. Mensch in response to Mr. Gonzalez's letter advising the Plaintiff's Attorney in 1987 as follows: "Since your letters are leading nowhere I suggest that you advise your clients that if they wish to stop Mr. Sherman they will have to do so pursuant to a court order. He and Mr. Knuckles absolutely believe they have the right to do what they are doing." Both of these letters pertain to the song "Your Love" as specifically referenced in Exhibit #1.

6. Attached hereto as Exhibit #3 is a letter dated April 5, 1991 from Attorney Mario F. Gonzalez to Ray Ellis, Leosong Copyright Management Ltd. in London, England. Leosong collects publishing royalties for Larry Sherman in England. In said letter, Mr. Gonzalez, Jamie Principle's Attorney, specifically states that they have chosen not to sue with respect to the song "Your Love" in the Federal courts in the United States but will bring the lawsuit "...in England because that is where the money is at." Jamie

**EXHIBIT 1**

Principle is barred from claiming any right of infringement by having failed to file suit in the Federal courts of the United States prior to some time in 1990.

7. Further, Jamie Principle's claim as exclusive writer of the song "Your Love" is barred by the Statue of Limitations. *Weber v. Geffen Records, Inc., 63F Supp. 2nd 458 (S.D.N.Y. 1999).*

8. Attached hereto as Exhibit #4 is the Affidavit of Larry Sherman swearing to the authenticity of the letters and the foregoing facts.

RESPECTFULLY SUBMITTED,

GOLDSTEIN & LAMB, P.C.

One of Defendant's Attorneys

GOLDSTEIN AND LAMB P.C.
162 W. HUBBARD
CHICAGO, IL 60610
Tel.:   312-822-1000
Fax:    312-822-1055

FINLEY, KUMBLE, WAGNER, HEINE,
UNDERBERG, MANLEY, MYERSON & CASEY
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

9100 WILSHIRE BOULEVARD
BEVERLY HILLS, CALIFORNIA 90212
(213) 550-9100
TELECOPIER: (213) 550-6200
TELEX: ELN 4855660
TWX: 9104901998 FINKUMWAG USA
CABLE: FINKUMWAG

ARK AVENUE
NEW YORK 10022
1 371-8800

1120 CONNECTICUT AVENUE, N. W.
WASHINGTON, D. C. 20036
(202) 857-4000

101 WEST BROADWAY
SAN DIEGO, CALIFORNIA 92101
(619) 231-8700

777 BRICKELL AVENUE
MIAMI, FLORIDA 33131
(305) 371-2600

110 EAST BROWARD BOULEVARD
FT. LAUDERDALE, FLORIDA 33301
(305) 527-2800

707 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90017
(213) 612-3100

4400 MacARTHUR BOULEVARD
NEWPORT BEACH, CALIFORNIA 92660
(714) 851-2255

444 WORLD TRADE CENTER
401 EAST PRATT STREET
BALTIMORE, MARYLAND 21202
(301) 962-0212

LECONFIELD HOUSE
CURZON STREET, 8TH FLOOR
LONDON, W1Y 7FB, ENGLAND
1-491-4552

November 24, 1987

Linda A. Mensch, Esq.
33 North Dearborn Street, Suite 506
Chicago, Illinois 60602

      Re:  Jamie Principle/Precision/Trax Records

Dear Linda:

      Yesterday I received your letter addressed to me dated November 18, 1987. In order to avoid going into needless repetition, allow me to merely state that Jamie Principle categorically denies all of the assertions made in your letter. A few of the points made in your letter, however, require a brief response.

      1.    Even assuming arguendo the statements set forth in paragraph 1 of your letter, at best, Mr. Knuckles would be deemed to have created a derivative work under copyright law by adding a new arrangement to an existing work. Section 115(a)(2) of Title 17 of the United States Copyright Act clearly states that an arrangement "shall not be subject to protection as a derivative work under this title, except with the express consent of the copyright owner." Jamie never expressed any "consent" to Mr. Knuckles claims of authorship of the compositions.

      2.    The foregoing also applies to the composition "Your Love," notwithstanding Mr. Knuckles recent and convenient change of memory.

      3.    It is Jamie's recollection that Mr. Knuckles did not pay any recording costs with respect to the recordings. However, even assuming arguendo that Mr. Knuckles paid the recording costs, this is not an act of "authorship" which would give Mr. Knuckles a copyrightable interest in the recordings.

BHWPC5589e

EXHIBIT
1

FINLEY, KUMBLE, WAGNER, HEINE,
UNDERBERG, MANLEY, MYERSON & CASEY

Linda A. Mensch, Esq.
November 24, 1987
Page 2

4.   You have not provided me with a shred of evidence
that Mr. Knuckles and Jamie were ever joint venturers.

5.   David Bloom's letter of December 10, 1986,
clearly states that Mr. Knuckles did not own the recordings.
If Mr. Knuckles disputed this statement, why didn't he say so
in his letter to Mr. Bloom dated December 11, 1986?  Further,
why did Mr. Knuckles clearly state in his letter of December
11, 1986 that he needed Jamie's permission before he could do
anything with Jamie's recordings?

6.   Mr. Knuckles' contention that the statement on
the back of the check was added after his signature, even
though his signature appears in the middle of the check, is so
absurd it does not warrant further discussion.

7.   To say you did not represent Jamie even though
you state that you were hired to "shop and obtain a recording
contract for him" is a meaningless distinction in this
context.  In any event, you do state that you were hired by
Frank Rodrigo and Phil Balsano, and, in light of the fact that
their publishing company owns the musical copyrights in
question, your position in this matter is clearly adverse to
their interests.

The last paragraph of my letter to you of November 10,
1987, is hereby reaffirmed as it was set forth in full herein.

Very truly yours,

MARIO F. GONZALEZ, ESQ.

MFG:bso

cc:   Jamie Principle (w/encl.)
      Frank Rodrigo (w/encl.)
      Phil Balsano (w/encl.)

BHWPC5589e

/02 -01?

LAW OFFICES
LINDA S. MENSCH P.C.

33 NORTH DEARBORN STREET
SUITE 506
CHICAGO, ILLINOIS 60602
(312) 263-4361
TELEX: 297910 LSMR UR
FAX: (312) 236-0550

OF COUNSEL
HAEL G. HEYMAN
AVIN J. ROSENBLUM
ORGE SARIKOS

NEW YORK OFFICE
350 FIFTH AVENUE
SUITE 3215
NEW YORK, N.Y. 10118
(212) 594-0976

LONDON OFFICE
(01) 637-1160

November 30, 1987

Mario F. Gonzalez, Esq.
Finley, Kumble, Wagner, Heine,
Underberg, Manley, Myerson & Casey
9   0 Wilshire Boulevard
Beverly Hills, California 90212

Re:  Jamie Principle/Precision/Trax Records

Dear Mario:

There is no point in my restating the information and positions
of both Mr. Sherman and Mr. Knuckles.  However, re your items:

1.  Mr. Knuckles believes Mr. Walton's consent was implicit;
otherwise he would not have financed the venture and contributed
to the material.

2.  Mr. Knuckles' memory has not changed, his legal position
has.

3.  Mr. Knuckles' copyright interest is based on his having
produced and fixed the Master Recordings as well as having paid
for them.

4.  I suggest you file suit against Mr. Knuckles so that he
can produce the evidence.

5.  It is obvious from Mr. Knuckles' December 11, 1986
letter that he mailed it long before he ever received Mr. Bloom's
December 10, 1986 letter.  Obviously your regard for the U.S.
mail system is higher than mine since I didn't think that point
was worth mentioning.

6.  You will have to ask Mr. Knuckles why he signed the
check in the middle.  No doubt it was at the request of the in-
dividuals.

7.  I repeat that I was hired by Jamie's managers to pursue
and obtain a recording contract for him for which , I repeat, I
have not been paid.  My interest is clearly adverse to them in
that I have every intention of collecting my fees.

23



EXHIBIT
2

Mario F. Gonzalez                    -2-                    November 30, 1987


Since your letters are leading nowhere I suggest that you advise
your clients that if they wish to stop Mr. Sherman they will have
to do so pursuant to a court order. He and Mr. Knuckles
absolutely believe they have the right to do what they are doing.
Whether Mr. Jones has similar rights is the question of the hour.

                                    Very truly yours,

                                    LINDA S. MENSCH

LSM:mg

cc:  Larry Sherman


2
24

FROM LOPEZ AND GONZALEZ                                           PAGE 020

LAW OFFICES

# LOPEZ, GONZALEZ & HARRISON
A PARTNERSHIP INCLUDING A PROFESSIONAL CORPORATION

9665 Wilshire Boulevard, Suite 850
Beverly Hills, California 90212-2315
(213) 858-7788
Fax (213) 858-8906                  April 5, 1991

Peter M. Lopez
Mario F. Gonzalez
Gregg Harrison
A Professional Corporation

Our File Number:

VIA TELECOPIER
011/44/71/485-5133

Ray S. Ellis
Leosong Copyright Management Limited
7-8 Greenland Place
London NW1 OAP

Re:  "Your Love"/"Cold World"/"Baby Wants To Ride"/"Bad Boy"

Dear Ray:

Thank you for your fax to me of April 4, 1991.

In the absence of any further facts to the contrary, I am
assuming that you are an innocent party in this matter.  In other
words, you have been sold a "bill of goods" by Sanlar Music.

With regard to the lawsuit referred to in your letter, the
attorneys hired by my clients brought a lawsuit in state court.
This lawsuit was dismissed, because it involved copyright claims
under federal law, and, therefore, the action should have been
brought in federal court.  There is nothing in the dismissal of
the lawsuit that went to the merits of who owned the copyrights in
question;  it was dismissed merely because the matter was brought
in the wrong court.  Because of the substantial costs of litigation
in the United States along with the feeling by my clients that
Larry Sherman and Traxx Records might be judgment proof (i.e., even
if you get a judgment against them, you might not be able to
collect on any assets), my clients have so far deferred taking
further action on this matter.  However, there is now a substantial
amount of money being earned in England with respect to the
composition "Your Love."  Therefore, my clients will initiate a
lawsuit in England because that is where the money is at.

Accordingly, my clients have no choice but to institute a
lawsuit against Leosong Copyright, because Leosong's claim is
keeping money from being paid to my clients.  Based on your refusal
to remove this claim, I am now taking steps to retain English
counsel in this matter to instigate a lawsuit against Leosong.  I
trust that you understand that you will have an extremely bad
position in this lawsuit, because you will be unable to produce any
chain of title which grants Sanlar Music any rights in and to the
copyrights or the administration rights in these compositions.  By
not taking the simple step of retracting your claim, Leosong will

7



Re: Ellis
April 5, 1991
Page 2

not only lose this lawsuit, but will also be opening itself to
additional liability and attorneys' fees.

    I urge you to reconsider your position; however, my clients
have instructed me not to wait any longer before taking steps to
protect their rights and interests in this matter.

                                    Very truly yours,

                                    Mario F. Gonzalez

Re: MFG/sa

    cc:  Frank Rodrigo (via Federal Express)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN ILLINOIS DISTRICT OF ILLINOIS
## EASTERN DIVISION

**JAMES PRINCIPLE**
   **Plaintiff,**

**VS.**
                 **CASE NO.  01 C 7716**
                    **JUDGE LEINWEBER**

**LARRY SHERMAN**
   **Defendant.**

## AFFIDAVIT OF LARRY SHERMAN

I, Larry Sherman, depose and state as follows:

1. That I am the Defendant in the suit of Jamie Principle v. Larry Sherman, Case No. 01C7716.

2. That in approximately 1996/1997 I was first sued by Jamie Principle, his successor or assigns, in state court with in what I believe was a replevin action in the Chancery Court of Cook County before the Honorable Judge Forman relating to the master tape which contained the song "Your Love" which I had purchased from Frankie Knuckles. This case was dismissed by the Court of Cook County for lack of jurisdiction.

3. That in 1987 one of my attorneys was Linda A. Mensch. The letters attached to this Motion as Exhibits #1, #2, and #3 are true and correct copies of letters maintained by me in the ordinary course of my business.

4. That at that time Frank Rodrigo of Echo Music Group, Inc. and Jamie Principle were represented by Mario F. Gonzalez.

5. That in approximately 1991 I was sued by Echo Music Group Inc. in England with respect to my rights as they related to the publishing and ownership of the song "Your Love". This case was settled by agreement of the parties. A true and correct copy of a certified copy of this agreement entered by the court in England is attached hereto as Exhibit #5.

6. That I incurred in excess of $85,000 in defending various lawsuits brought by Jamie Principle and/or his assignees as it relates to, among other things, the song "Your Love".

FURTHER AFFIANT SAYETH NAUGHT

LARRY SHERMAN

Suscribed and Sworn to me this

_30th_ day of _January_, 2003.

Notary Public

"OFFICIAL SEAL"
SOFIA HERNANDEZ
Notary Public, State of Illinois
My Commission Expires 11/18/2006

EXHIBIT
4

IN THE HIGH COURT OF JUSTICE

CHANCERY DIVISION

DEPUTY MASTER WINDER

**31st October 1994**

ECHO MUSIC GROUP INC

-v-

SHERMAN

**ORDER**

Steven Fisher & Co
19 Cato Street
London
W1H 5HR

Ref: SAF





# IN THE HIGH COURT OF JUSTICE          CH 1991 E 11363

## CHANCERY DIVISION

## DEPUTY MASTER WINDER

## MONDAY the 31st day of OCTOBER 1994

**BETWEEN**

**ECHO MUSIC GROUP INC**

**Plaintiff**

**and**

**(1) LARRY SHERMAN**

**(2) Leosong Copyright Management Limited**

**Defendants**

**UPON THE APPLICATION** of the Defendants

**AND UPON HEARING** the Solicitors for the Defendants

**AND UPON READING** the documents recorded on the Court File as having been read

**AND** the Parties by their respective Solicitors agreeing in writing to the terms of compromise set forth in the Schedule hereto and to this Order and to there being no Order as to costs

**IT IS BY CONSENT ORDERED** that all further proceedings in this Action except for the purpose of carrying the said terms into effect be stayed

**AND** for that purpose the Parties are to be at liberty to apply

## THE SCHEDULE

1.   It is agreed between the Plaintiff and the Defendants that the following compositions ("the Compositions") were each co-written as to 50% by Bryan Walton (professionally known as Jamie Principle) ("Principle") and 50% by Frankie Knuckles ("Knuckles"):-

> Your Love
> Baby Wants To Ride
> Bad Boy
> It's A Cold World



2.   The Principle 50% is administered by the Plaintiff and the Knuckles 50% is owned by the First Defendant (trading as "Sanlar") and administered by the Second Defendant.

3.   All parties will either correct the copyright registrations with the various copyright societies or re-register the compositions (as appropriate) in accordance with such 50/50 share immediately upon settlement.

4.   To the extent either the Plaintiff or the Defendants have received more than their 50% share of the income arising from the Compositions then the party receiving more shall account to the other(s) for the excess so received.

5.   The parties will notify the relevant collection societies that all monies currently in suspense should be released as to 50% to the Plaintiff and 50% to the Second Defendant.

6.   All future monies will be collected as to 50% by the Plaintiff on behalf of Principle and 50% by the Second Defendant on behalf of Knuckles and the First Defendant and to the extent that either the Plaintiff or the Second Defendant shall receive more than their 50% share then the party receiving more shall account to the other(s) for the excess so received.

## Agreement

This agreement made this _20th_ day of _August, 2001_ by and between Third Coast Music, Inc. (formerly known as Echocon Music Group Inc.) and the Estate of Frank Rodrigo by and through its administrator, Rosann Rodrigo, (hereinafter "Third Coast") on the one hand and Jamie Principle (hereinafter "Principle") on the other hand.

WHEREAS the parties have reason to believe that there are certain monies known to have been due to both parties of this agreement as the result of sales records of published material owned by third Coast;

WHEREAS Third Coast has not collected such sums from such publishing royalties due and owing to Third Coast,

WHEREAS the parties hereto have previously entered into an agreement that Principle shall not be allowed to file any cause of action against any distributor or joint-venturer of Third Coast in order to collect any monies due to Third Coast or to Principle, and

WHEREAS the parties hereto are desirous of making an expeditious recovery of monies owed to each of them by various entities and of protecting all the interests of both the parties hereto, including the protection of copyrighted material.

IT IS HEREBY AGREED BY AND BETWEEN THE PARTIES

1.  **Assignment of right to sue.** Principle shall have the right to sue or otherwise act in such a way so as to recover any monies owed to Third Coast that are held by parties other than Third Coast insofar as such monies held by third parties would be due and payable to Principle from Third Coast should Third Coast acted to collect such monies

2.  **Third Coast maintenance of right to sue.** Money that is due and payable to Third Coast form third parties that are not due and payable to Principle is explicitly not a part of this agreement and, without further agreement to same, Third Coast shall have all right, title and interest to such monies and Third Coast shall maintain its right to recover any monies owed to it other than that money which is due and payable to Principle pursuant to the original agreement between the parties hereto which agreement is incorporated by reference herein

3.  **Miscellaneous provisions** The terms of the original agreement between the parties, which is incorporated by reference herein, shall control except where this subsequent agreement conflicts with the terms of such original agreement, and then this subsequent agreement shall control.

EXHIBIT 7

P03

_Jamie Principle_
Jamie Principle

By   Third Coast Music, Inc.

_Rosann Padrigo_

President

By   Estate of Frank Rodrigo

_Rosann Padrigo_

Rosann Rodrigo, administrator of the
Estate of Frank Rodrigo

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN ILLINOIS DISTRICT OF ILLINOIS
## EASTERN DIVISION

**JAMES PRINCIPLE**
**Plaintiff,**

**VS.**

CASE NO.   01 C 7716
**JUDGE LEINWEBER**

**LARRY SHERMAN**
**Defendant.**

## AFFIDAVIT OF PATRICK D. LAMB

I, Patrick D. Lamb, depose and state as follows:

A.    That I am a licensed Attorney at Law in the State of Illinois and Federal Trial Bar for approximately 22 years.

B.    That our law firm, **GOLDSTEIN & LAMB, P.C.,** represented **DEFENDANT LARRY SHERMAN** in the above captioned matter before this court.

C.    That since being retained in approximately August 2002, our law firm has billed and been paid by **LARRY SHERMAN** approximately $15,000 for fees and expenses related to the defense of **PRINCIPLE V. SHERMAN, CASE NO. 01 C 7716** more specifically set forth in the attached billing statement attached hereto. The redacted copy of Goldstein & Lamb P.C. billing statement were contemporaneously prepared and entered at the time services were rendered in the normal course of our business.

D.    The redacted portions of the bill are services rendered for matters not relating to this litigation and are not included in the calculator tape adding up the total.

E.    This Attorney's hourly rate of billing is $300.00 per hour until 2003 when it was increased to $325.00 per hour.

FURTHER AFFIANT SAYETH NAUGHT

PATRICK D. LAMB

Subscribed and Sworn to me this

_20_ day of _February_ 2003.

Notary Public

> "OFFICIAL SEAL"
> SOFIA HERNANDEZ
> Notary Public, State of Illinois
> My Commission Expires 11/18/2006

EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN ILLINOIS DISTRICT OF ILLINOIS
## EASTERN DIVISION

**JAMIE PRINCIPLE,**
     **Plaintiff**

**vs.**
                            **CASE NO.   01 C 7716**
                                  **JUDGE LEINWEBER**

**LARRY SHERMAN,**
     **Defendant.**

### <u>AFFIDAVIT OF LARRY SHERMAN</u>

Now comes DEFENDANT Larry Sherman and under oath swears the following:

1. That on or about the Spring of 2002 I met Tim Donohue at the Court before I was able to retain any attorneys and provided him with the names of the attorneys in England, a copy of three of the English court document, and made him aware of the prior lawsuits in both Federal court and the Circuit Court of Cook County in 1987 and 1989.

2. That despite having this information and Jamie Principle's participation or knowledge of the earlier actions, they continued to pursue the present lawsuit.

3. That I paid to the law offices of GOLDSTEIN & LAMB, P.C. the sums noted on their bill for legal services related to defending this matter, which have been in excess of $15,000.00.

FURTHER AFFIANT SAYETH NAUGHT

_____
LARRY SHERMAN

Suscribed and Sworn to me this

_____ day of

_____, 2003.

_____
Notary Public

"OFFICIAL SEAL"
SOFIA HERNANDEZ
Notary Public, State of Illinois
My Commission Expires 11/18/2006

**GOLDSTEIN & LAMB, P.C.**
**ATTORNEYS AT LAW**
**162 W. HUBBARD, 4TH FLOOR**
**CHICAGO, IL. 60610**


**MR. LARRY SHERMAN**
**505 N. LAKE SHORE DR.**
**CHICAGO IL**


February 20, 2003
In Reference To:          COPYRIGHT MATTER-2002

Invoice #  13201

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/9/02 | ADG | INITIAL CONFERENCE REGARDING:  SUMMER CAMP, COPYRIGHT INFRINGEMENT CASE; | 1.00 325.00/hr | 325.00 |
| 8/23/02 | ADG | MEETING WITH LARRY ON JOINT VENTURE, COPYRIGHT SUIT, FORECLOSURE SUIT ETC. | 1.00 325.00/hr | 325.00 |
| 8/30/02 | ADG | MOTION TO VACATE AND AFFIDAVIT | 0.50 325.00/hr | 162.50 |
| 9/3/02 | Pat | REVIEW FILE, CONFERENCE WITH CLIENT, MODIFIED MOTION PHONE CALL WITH CLIENT REVIEWED DOCUMENT. | 2.75 300.00/hr | 825.00 |
| 9/5/02 | Pat | APPEARED IN FEDERAL COURT, CONF. W/ CLIENT, STRATEGY | 2.00 300.00/hr | 600.00 |
| 9/6/02 | Pat | P.C. W/ LARRY, RE; STARTEGY IN COPYRIGHT SUIT & NEW MATTER -REPO | 0.25 300.00/hr | 75.00 |

MR. LARRY SHERMAN                Invoice # 13201                February 20, 2003                Page    2

| Date | Init | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/27/02 | SHS | DISCUSSION WITH PDL. REVIEW OF DOCUMENTS. CALL TO CLIENT. | 0.75 150.00/hr | 112.50 |
| | Pat | REVIEWED ENGLAND DOC., P.C. W/ TIMOTHY DONOGHUE | 0.50 300.00/hr | 150.00 |
| | | P.C. W/ FORECLOSURE ATTORNEYS, P.C. W/ CLIENT | 300.00/hr | |
| 10/3/02 | Pat | REVIEW OF DOC. - PREPARED 3RD SUPLEMENTAL | 2.50 300.00/hr | 750.00 |
| 10/4/02 | SHS | FILED MOTION IN FEDERAL COURT AND DELIVERED COURTESY COPIES. | 0.75 150.00/hr | 112.50 |
| 10/8/02 | Pat | APPEARED IN COURT, CONF. ATTRONEY & JAMIE PRINCIPAL | 1.25 300.00/hr | 375.00 |
| 10/10/02 | Pat | DCT 2ND & 3RD AFFIRMATIVE DEFENSES, MODIFIED PLEADINGS, CONF. W/ NIKKI, P.C. W/ CLIENT, CONT MODIFYING PLEADINGS | 1.50 300.00/hr | 450.00 |
| | NLC | VARIOUS LEGAL RESEARCH COPYRIGHT ISSUES FEDERAL | 3.00 175.00/hr | 525.00 |
| 10/11/02 | NLC | DRAFT MOTION TO DISMISS AND FILE COUNTERCLAIM | 2.00 175.00/hr | 350.00 |
| 10/17/02 | Pat | CONF. W/ CLIENT AND CANADIAN ATTORNEYS | 300.00/hr | |
| | Pat | CONF. W/ NIKKI, LEGAL RESEARCH, MODIFIED MOTION | 1.00 300.00/hr | 300.00 |
| | NLC | EDIT, REVIEW AND DRAFT MOTION TO DISMISS AND MEET WITH PDL | 2.00 175.00/hr | 350.00 |
| 10/18/02 | Pat | CONF. W/ CLIENT, DOC SIGNED, CONF. W/ MINUTE CLERK, FILED MOTION | 1.25 300.00/hr | 375.00 |
| 10/21/02 | Pat | P.C. W/ CLIENT RE: # OF COPYRIGHTS , P.C. TO TIM DONOGHUE | 0.50 300.00/hr | 150.00 |
| 10/23/02 | Pat | APPEARED IN COURT ON MOTION TO DISMISS: JUDGE ORDERED SETTLEMENT DISCUSSIONS, CONF. W/OPPOSING ATTORNEY | 1.00 300.00/hr | 300.00 |
| 10/28/02 | Pat | P.C. W/ CLIENT, P.C. TO STEVE FISHER - | 0.75 300.00/hr | 225.00 |
| | Pat | P.C. W/ ENGLAND, P.C. W/ BANK, P.C. W/ LARRY SHERMAN, FOLLOW UP W/ PAAS | 1.00 300.00/hr | 300.00 |
| | Pat | P.C. W/ CLIENT, P.C. W/ FEDERAL COURT, DRAFTED AGREEMENT | 1.50 300.00/hr | 450.00 |
| 11/1/02 | Pat | P.C. IN A.M. W/ ENGLAND, REVIEWED FISHER FAX, P.C.W/ DONOUGHUE, LTR TO DONOUGHUE, LTR TO FISHER, PC. W CLIENT, REVISED LETTERS | 2.25 300.00/hr | 675.00 |
| 11/8/02 | Pat | REVIEWING DOC-FEDERAL STORAGE FACILITY, P.C. WCLIENT | 2.00 300.00/hr | 600.00 |
| | Pat | P.C. W/ CLIENT, REVIEWING DOC | 2.00 300.00/hr | |
| 11/11/02 | Pat | REVIEWING DOC, CONF. W/ LARRY & RACHEL, REVISING DOCUMENTS | 3.00 300.00/hr | 900.00 |
| | | P.C. W/ LARRY, P.C. W/ ES, REVIEWED PROOFS OF COUNTER | 300.00/hr | |

| MR. LARRY SHERMAN | Invoice # 13202 | February 20, 2003 | Page 3 |
|---|---|---|---|

| | | Hrs/Rate | Amount |
|---|---|---|---|

| 12/10/02 Pat | P.C. W/ ED, DRAFTED LTR TO TIM DONOUGHUE, REVIEWED EVIDENCE, CONF. W/LARRY & RACHEL | 4.00<br>300.00/hr | 1,200.00 |

MR. LARRY SHERMAN      Invoice # 13201      February 20, 2003      Page   4

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/7/03 | Pat | REVIEWED LINDA MENSCH DOCUMENTS FOR NEXT MOTION, REVIEWED STATUTE OF LIMITATIONS LAW | 1.00 325.00/hr | 325.00 |
| | Pat | REVIEW OF MATERIAL, P.C. W/ CLIENT | 0.50 325.00/hr | 162.50 |
| 1/8/03 | Pat | APPEARED IN COURT, REAEARCH OF S/L, CONF. W/ JUDGE, P.C. TO OPPOSING ATTORNEY | 4.00 325.00/hr | 1,300.00 |
| 1/10/03 | Pat | RESEARCH ON MOTION, COMPLETED MOTION, REVIEWED FEDERAL RULE, DISCUSSED W/ CLIENT MONEY ETC., ACCONTANT, CORP ISSUES | 2.50 325.00/hr | 812.50 |
| 1/17/03 | Pat | REVIEWED DONOUGHUE MOTION TO DISMISS, P.C. W/ DONOUGHUE | 0.50 325.00/hr | 162.50 |

```
    325•   +
    325•   +
  162•5   +
    825•   +
    600•   +
     75•   +
  112•5   +
    150•   +
    750•   +
  112•5   +
    375•   +
    450•   +
    525•   +
    350•   +
    300•   +
    350•   +
    375•   +
    150•   +
    300•   +
    225•   +
    300•   +
    450•   +
    675•   +
    600•   +
  1,200•   +
    325•   +
  162•5   +
  1,300•   +
    812•5   +
  162•5   +
  162•5   +
  243•75   +
    650•   +
    650•   +
  162•5   +
  105•5   +
  162•5   +
 14,962•   *
```

Jan 28 03 01:15p    Jennifer Smith         312 822 0943         p.2

# GOLDSTEIN & LAMB, P.C.
## ATTORNEYS AT LAW

Arnold D. Goldstein
Patrick D. Lamb
Nicole L. Centracchio
Samantha H. Steiner
**************
Susan L. Goldstein
Sofia Hernandez
Jennifer Smith
Kate Stouffer
Paralegals

162 W. Hubbard
Chicago, IL 60610
Tel: (312) 822-1000
Fax: (312) 822-1055

E-MAIL: ADGLDSTN@AOL.COM

January 28, 2002

Mr. Timothy P. Donohue
29 S. LaSalle Street - Suite 829
Chicago, Illinois 60603
*Via Facsimile 312-332-7092*
*and Mail*

RE:    PRINCIPLE V. SHERMAN
       01 C 7716

Dear Tim:

I discussed with Larry Sherman the judge's ruling and comments. Because of all the prior dealings with Jamie Principle, his successors and assigns, and Mr. Sherman's conversation with you when this lawsuit began, he would like us to file a Motion for Sanctions. He believes your conduct was not made in good faith.

We would propose, however, to avoid that issue and offer, in part, what Larry Sherman always offered. By agreement, we will put Jamie Principle on all labels related to the song, which places him in his proper place in history as it relates to "Your Love". We will also provide you with whatever documentation we have or direct you to other sources relating to Frank Knuckles if you choose to sue him.

In consideration for this, we would expect that of the $12,500.00 in fees incurred, your client will pay $7,500.00 to partially defray some of his costs. Mr. Sherman wishes to do what is right, but in exchange feels that Mr. Principle must do so also.

Thank you in advance for your earliest response.

Yours very truly,

GOLDSTEIN & LAMB, P.C.

BY

PATRICK D. LAMB

Enclosures
cc: Larry Sherman
F:\WPLITIGATE\SHERMAN\PRINCIPLE, JAMIE\LTRDONOHUE5.doc

EXHIBIT
4