Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7716 | **DATE** | March 14, 2003 |
| **CASE TITLE** | | Principle v. Sherman | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ Defendant's March 7, 2003 "Motion to Enlarge Time to File Motion for Costs and Attorney's Fees" is **GRANTED**. Defendant's Motion for Costs and Rule 11(c) Sanctions [17-1] is **DENIED AS MOOT** in light of Defendant's March 7, 2003 "Second Motion for Costs to be Added to Dismissal with Prejudice and/or Attorney's Fees." Defendant's March 7, 2003 "Second Motion for Costs to be Added to Dismissal with Prejudice and/or Attorney's Fees" is **DENIED**.

(11) ■ For further detail see order on the reverse side of the original minute order.

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 17 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 17 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| CEL courtroom deputy's initials | | 03 MAR 14 PM 2: 33 FILED | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# ORDER

On January 28, 2003, this copyright infringement action was dismissed with prejudice on Plaintiff's own motion pursuant to Federal Rule of Civil Procedure 41(a). The only basis identified by Plaintiff for this voluntary dismissal was as follows: "[S]ubsequent to the filing of this action Plaintiff's counsel ha[d] received documentation from Defendant, namely a certified copy of a Judgment entered in the English Courts, that refutes Plaintiff's claims for infringement." (Pl.'s Mot. Voluntary Dismissal ¶ 2.) On February 20, 2003, Defendant moved the Court to award Defendant its defense costs, and to sanction Plaintiff under Federal Rule of Civil Procedure 11 on the grounds that "[Plaintiff] and/or his assignees were aware of the court judgment in England and settlement agreement or should have been" (Def.'s Mot. Costs and Sanctions ¶ 11). Plaintiff filed a response on March 3, 2003.

Defendant filed a reply on March 7, 2003. On the same day, Defendant moved the Court for an enlargement of time to file a so-called "Second Motion for Costs to be Added to Dismissal with Prejudice and/or Attorney's Fees." Defendant's motion for an enlargement of time to file the "Second Motion." is **GRANTED**. Although not formally captioned as an amended motion, the "Second Motion" is clearly meant to amend Defendant's first-filed motion, and the Court construes it as such. Accordingly, Defendant's first-filed motion is **DENIED AS MOOT**.

Whereas Defendant's first motion sought costs and Rule 11 sanctions, the "Second Motion" seeks only costs and attorney's fees, making no mention of Rule 11 sanctions. In Defendant's reply brief, he expressly concedes that Rule 11 sanctions are unavailable in this case. (Reply ¶¶ 1, 3 ("Defendant concedes that although its Motion for Attorneys fees is in the correct church, we started in the wrong pew. . . . Plaintiff's counsel did comply with the [Rule 11] safe harbor within 21 days.").) Plainly, then, in filing the "Second Motion," Defendant has (advisedly) withdrawn his motion for Rule 11 sanctions. We are left only with Defendant's prayer for costs and attorney's fees.

Federal Rule of Civil Procedure 54(d) provides that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." Defendant is properly considered the "prevailing party" here. See 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 2667 at 209-10 (2d Ed. 1990) ("[A] dismissal of the action, whether on the merits or not, generally means that defendant is the prevailing party.") 28 U.S.C. § 1920 specifies the costs that may be recovered pursuant to Rule 54(d). The costs explicitly allowed by § 1920 are: (1) fees of the clerk; (2) fees for transcripts; (3) fees for printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts and interpreters. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). Thus, Defendant is entitled to recover costs only if (1) the expenses are allowable under § 1920, and (2) the expenses are reasonable, both in amount and necessity to the litigation. *Deimer v. Cincinnati Sub-Zero Products, Inc.*, 58 F.3d 341, 345 (7th Cir. 1995). The only "cost" perspicuously reflected on the billing statement submitted by Defendant is a $105.00 fee to the "Clerk of the Court." In his reply brief, Defendant reveals that even this cost is "not . . . related to this matter" (Reply ¶ 10), and it must therefore be excluded. None of the other itemized amounts constitute taxable "costs."

Defendant seeks to recoup his attorney's fees under Federal Rule of Civil Procedure 54(d)(2), 16 U.S.C. § 505 and/or 28 U.S.C. § 1927. A motion seeking attorney's fees under Rule 54(d)(2) or 16 U.S.C. § 505 "must be filed and served no later than 14 days after entry of judgment . . . ." FED.R.CIV.P. 54(d)(2)(B); 4 Melville Nimmer & David Nimmer, *Nimmer on Copyright* ¶ 4.10[D] (2002 ed.). Defendant filed his motion 23 days after entry of judgment; it is untimely under these statutes and therefore denied. 28 U.S.C. § 1927 is likewise unavailing, as it requires a showing that a party has multiplied proceedings "vexatiously and unreasonably" and in subjective or objective bad faith. This has not been convincingly demonstrated in the instant case. *Cf. Fox Valley Constr. Workers Fringe Benefit Funds v. Pride of the Fox Masonry and Expert Restorations*, 140 F.3d 661, 666 (7th Cir. 1998).

For the foregoing reasons, Defendant's March 7, 2003 "Second Motion for Costs to be Added to Dismissal with Prejudice and/or Attorney's Fees" is **DENIED**.